UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN ABDULLAHI,

Petitioner,

v.

KEVIN RAYCRAFT,

Respondent.

Case No. 1:26-cv-2606

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is granted leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the lawfulness of his current detention, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on September 24, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) On October 1, 2026,

Petitioner filed a "Response in Opposition to Respondents' Response." (ECF No. 8 (hereinafter "Petitioner's Response").) Respondents filed a response on October 8, 2026. (ECF No. 10.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Somalia. (Pet'r's Resp., ECF No. 8, PageID.20.) Petitioner was admitted to the United States on September 30, 2004, as a refugee and has remained in the United States since that time. (*Id.*) On August 30, 2006, Petitioner adjusted his status to become a Lawful Permanent Resident (LPR). (Hect Decl. ¶ 6, ECF No. 10-1, PageID.40.)

On August 20, 2025, ICE Enforcement and Removal Operations (ERO) encountered Petitioner at the Franklin County Jail in Columbus, Ohio. (*Id.* ¶ 7, PageID.40.) On November 19, 2025, Petitioner was released from jail and subsequently arrested by ICE ERO. (*Id.* ¶ 8.)

On March 4, 2026, an Immigration Judge ordered Petitioner removed to Somalia, and the order of removal became administratively final because Petitioner waived his right to appeal. (*Id.* ¶ 22, PageID.42; Pet., ECF No. 1, PageID.4; Resp., ECF No. 10, PageID.32.) *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 094-648-027 for the A-Number, select "Somalia" for the Nationality, and select Submit) (last visited Oct. 26, 2026) (indicating that no appeal was received for the case). On March 29, 2026, ICE ERO headquarters (HQ) emailed a travel document request to the Embassy of Somalia. (Hect Decl. ¶ 25, ECF No. 10-1, PageID.42.) On June 22, 2026, ICE ERO conducted a 90-day Post Order Custody Review and decided to continue to detain Petitioner. (*Id.* ¶ 27, PageID.43.)

On August 24, 2026, the "Somalia [Detention and Deportation Officer, a United States official,] emailed stating that the Somali Clan sheet, used in order to determine which clan someone belongs to, needed updating." (*Id.* ¶ 29, PageID.43; Resp., ECF No. 10, PageID32.) On August 27, 2026, ICE ERO "forwarded the Somali Clan sheet to North Lake Processing Center for [Petitioner] to complete." (Hect Decl. ¶ 31, ECF No. 10-1, PageID.43) That same day, ICE

ERO "mailed the Travel Document Request to the Embassy of Somalia for issuance of a travel document." (*Id.* ¶ 33.) The travel document request remains pending. (Resp., ECF No. 10, PageID.37.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (*See* Pet., ECF No. 1, PageID.6; Resp., ECF No. 10, PageID.31–32.) As a result, Petitioner's present detention is governed by 8 U.S.C. § 1231.

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). 8 U.S.C. § 1231(a)(6) further provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Here, Petitioner's removal order became final on March 4, 2026, and when Petitioner initiated this action on September 17, 2026, Petitioner had been in custody for over six months. Petitioner argues that his detention is unlawful under *Zadvydas* and violates the Fifth Amendment's Due Process Clause. (Pet., ECF No. 1, Page 6.) Petitioner asserts that there is good reason to believe that no significant likelihood of removal exists because "there is no repatriation agreement between the United States and Somalia," and because "Somalia lacks a competent or cooperative central authority for issuing passports or civil documents." (*Id.*)

In response, Respondents acknowledge that there has been some delay in obtaining travel documents for Petitioner. (Resp., ECF No. 10, PageID.35.) However, Respondents assert that Petitioner's detention under § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas* because the travel document request to Somalia is still pending and ICE ERO is actively working to remove Petitioner. (Resp., ECF No. 10, PageID.35–37.)

On August 24, 2026, ICE ERO received an email from the Somalia Detention and Deportation Officer, a United States official, indicating Petitioner's "Somali Clan sheet" needed updating. (Resp., ECF No. 10, PageID.32.; Hect Decl. ¶ 29, ECF No. 10-1, PageID.43.) And on August 27, 2026, ICE ERO sent an updated travel document request to Somalia. (Resp., ECF No. 10, PageID.32; Hect Decl. ¶ 33, ECF No. 10-1, PageID.43.) Nothing submitted by Respondents

suggests that they have received any response from Somalia, nor have Respondents provided an estimated response timeline.

Under these circumstances, the Court finds that Petitioner has provided a good reason to believe that no significant likelihood of removal exists in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. Based on the information presently before the Court, the Court finds that Respondents have not provided sufficient evidence to rebut Petitioner's showing that there is good reason to believe that no significant likelihood of removal exists in the reasonably foreseeable future. Respondents state that ICE ERO is actively pursuing removal and sent an updated travel document request to Somalia on August 27, 2026. However, the travel document request is still pending, and there is no indication in the record before the Court that the United States has received any response from Somalia, let alone any indication that Somalia will in fact accept Petitioner. It has been approximately eight weeks without an update from ICE ERO on the status of the request. Now, at the time this opinion is being issued, Petitioner has spent an additional two months in ICE detention awaiting a response to the travel document request. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject, as applicable, to an order of supervision within five days of the date of this opinion and corresponding judgment. The Court

will also order Respondents to file a status report within six days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: October 28, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge